■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIACOMO FRASCONE, Appellant. [707 NYS2d 155] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered June 19, 1997, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Where the indictment charged defendant with taking the victim's car and money, the court properly instructed the jury that it could convict defendant on the basis of taking either the car or the money. In charging the jury in the disjunctive, rather than in the conjunctive, the court did not amend the indictment, permit the People to change the theory of the prosecution, or render the count duplicitous (*see, People v Charles*, 61 NY2d 321, 327-329; *People v Dickens*, 259 AD2d 450, *lv denied* 93 NY2d 1002; *People v Del-Debbio*, 244 AD2d 195, *lv denied* 91 NY2d 925).

The court's compromise *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459).

The court properly exercised its discretion in declining to recuse itself based on an unfounded claim that it had engaged in ex parte discussions of the case with a prosecutor (*see, People v Moreno*, 70 NY2d 403; *People v Patrick*, 183 NY 52, 54-55).

On the totality of the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Specifically, given the overwhelming evidence of guilt, trial counsel employed a sound strategy when he suggested the jury convict defendant of the lesser included offense of robbery in the third degree (*see, People v Barnes*, 249 AD2d 227, *lv denied* 92 NY2d 893). Had this strategy been successful, defendant would have been eligible for a considerably lower sentence.

We see no need for a remand for reconsideration of defendant's sentence. Imposition of the mandatory minimum sentence was not unconstitutional in this case (*see, People v Thompson*, 83 NY2d 477, 480). Accordingly, the court had no discretion to impose a lesser sentence.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley JJ.