■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANEUDY CASILLAS, Appellant. [736 NYS2d 207] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [1]); attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]); criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]); and two counts of menacing in the second degree (Penal Law § 120.14 [1]). Contrary to the contention of defen-

dant, the police had reasonable suspicion to stop and detain him for a showup identification procedure based on the totality of the circumstances, including "a radio transmission providing a general description of the perpetrator[s] of [the] crime * * * the * * * proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant, who matched the radio-transmitted description" (*People v Lynch*, 285 AD2d 518, 519, *lv denied* 96 NY2d 940; *see, People v Johnson*, 244 AD2d 573, *lv denied* 91 NY2d 942; *People v Wilson*, 225 AD2d 568, *lv denied* 88 NY2d 997). Contrary to defendant's further contentions, the showup identification procedures were not unduly suggestive (*see, People v Duuvon*, 77 NY2d 541, 544; *People v Brnja*, 50 NY2d 366, 372), nor was the second showup procedure rendered unnecessary by the first victim's identification (*cf., People v Rayford*, 158 AD2d 482, 484).

The evidence identifying defendant as the perpetrator of the crime is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant was not denied effective assistance of counsel by the failure of defense counsel to call defendant's brother as a witness. An earlier trial of this indictment ended in a mistrial based on statements made to defendant's previous attorney by defendant's brother. An attorney may not suborn perjury, and thus defendants' attorney at the retrial may have had an ethical obligation to refuse to call defendants' brother as a witness (*see*, Code of Professional Responsibility EC 7-26; DR 7-102 [22 NYCRR 1200.33]; *see also, People v Appel*, 120 AD2d 319, 320-321, *lv denied* 69 NY2d 824). In any event, the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant contends that he was denied a fair trial by prosecutorial misconduct during cross-examination of defendant and in summation. Defendant failed to preserve for our review his contention that the prosecutor erred by forcing defendant to characterize the People's witnesses as liars during his cross-examination of defendant (*see,* CPL 470.05 [2]; *People v Holden*, 244 AD2d 961, *lv denied* 91 NY2d 926), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The comments of the prosecutor on summation to which defendant objected "constituted fair comment on the evidence or fair

response to defense counsel's summation" (*People v Robinson*, 267 AD2d 981, *lv denied* 95 NY2d 838), and we decline to exercise our power to review defendant's contention with respect to the comments to which defendant failed to object (*see*, CPL 470.15 [6] [a]).

We reject the further contention of defendant that County Court erred in denying his motion to set aside the verdict based on newly discovered evidence (*see*, CPL 330.30 [3]). The minor errors made by the interpreter were known during trial and therefore were not newly discovered evidence (*see*, *People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950). The statements made in a civil proceeding by one of the victims herein that were allegedly inconsistent with the victim's testimony at this trial constitute impeaching evidence, and such evidence would not justify reversal (*see*, *People v Salemi, supra*, at 215-216; *People v McCullough*, 275 AD2d 1018, 1019, *lv denied* 95 NY2d 936). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Wisner, Scudder, Kehoe and Gorski, JJ.