THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN L. FULTON, Appellant. [813 NYS2d 839]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 15, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree and criminal sale of a controlled substance in the fifth degree (seven counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) and seven counts of criminal sale of a controlled substance in the fifth degree (§ 220.31), stemming from his distribution of LSD to several people at a party. Defendant contends that the evidence is legally insufficient to establish that the substance that he possessed and distributed was LSD. By failing to renew his motion to dismiss after presenting evidence, defendant failed to preserve his contention for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Haberer*, 24 AD3d 1283, 1284 [2005]; *People v McDaniels*, 19 AD3d 1071, 1072 [2005], *lv denied* 5 NY3d 830 [2005]). In any event, his contention is without merit. "In situations where the illegal substance is not available for analysis, drug users who can demonstrate a knowledge of the narcotic are competent to testify. It is for the jury to determine the weight to be given the testimony" (*People v Christopher*, 161 AD2d 896, 897 [1990], *lv denied* 76 NY2d 786 [1990]; *see People v Lynch*, 85 AD2d 126, 128-129 [1982]). The People presented testimony establishing that defendant told the people at the party that he was giving them LSD. Two witnesses who had taken LSD on many prior occasions, as well as the People's expert witness, described the effects of taking LSD, and the description of those effects was consistent with the testimony of the witnesses who received the substance from defendant with respect to how they felt after consuming it. Two other witnesses testified that the effects they felt after consuming the substance that defendant gave to them were similar to the effects they felt when they had taken LSD on a prior occasion. In addition, one of the witnesses testified that she was familiar with the process of cutting a sheet of paper that had been dipped in LSD into strips and then placing those strips into the mouths of others, and she testified that she observed defendant engaging in that conduct.

Defendant further contends that County Court erred in fail-

ing to give a circumstantial evidence charge. Even assuming, arguendo, that such a charge was required (*see People v Burke*, 62 NY2d 860, 861 [1984]; *cf. People v Rumble*, 45 NY2d 879, 880-881 [1978]; *People v Mastowski*, 26 AD3d 744 [2006]), we conclude that the court's failure to give the charge is harmless error. The evidence, which included inculpatory statements made by defendant, is overwhelming, and there is no significant probability that defendant would have been acquitted had the circumstantial evidence charge been given (*see People v Brian*, 84 NY2d 887, 889 [1994]). Finally, contrary to the contention of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.