■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL F. WILEY, Appellant. [821 NYS2d 350]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 19, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). Defendant contends that Supreme Court erred in refusing to suppress his statements to the police, the identification of him by a witness resulting from a showup identification procedure, and the physical evidence seized from him on the ground that the police unlawfully detained him prior to his formal arrest. We reject that contention. The police had the requisite reasonable suspicion to stop and detain defendant for a showup identification procedure (*see People v Casillas*, 289 AD2d 1063 [2001], *lv denied* 97 NY2d 752 [2002]). Defendant was stopped approximately two blocks from the scene of the burglary by a police officer who heard the radio transmission concerning the burglary and observed that defendant matched the description of the suspect provided by a neighbor. The record establishes that, although the officer handcuffed defendant prior to transporting him to the crime scene for the showup identification procedure, defendant was not taken to the police station at that time, the conversation between defendant and the officer was congenial, and the crime scene was a short distance from the location where defendant was stopped by the officer. The record further establishes that defendant was not interrogated during the brief detention and, indeed, the officer stopped defendant from speaking to him, administered *Miranda* warnings and discontinued conversation with defendant until after the showup identification occurred. Defendant was transported to the police station only after the witness had identified him, and he was then formally charged. Thus, we agree with the People that the police "diligently pursued a minimally intrusive means

of investigation likely to confirm or dispel suspicion quickly, during which time it was necessary to detain the defendant" (*People v Hicks*, 68 NY2d 234, 242 [1986]; *see also Casillas*, 289 AD2d at 1063-1064). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.