THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY OWENS, Appellant. [836 NYS2d 385]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 3, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal mischief in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed for burglary in the second degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing on count one of the indictment in accordance with the following memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the fourth degree (§ 145.00 [1]) and petit larceny (§ 155.25). We reject the contention of defendant that his right under the Sixth Amendment of the US Constitution to a jury pool representing a fair cross section of the community was violated. "Defendant's motion papers failed to set forth sufficient facts demonstrating a systematic exclusion of African-Americans from the jury pool" (*People v Cotton*, 38 AD3d 1189, 1189 [2007]; *see People v McFadden*, 244 AD2d 887, 889 [1997]; *People v Grant*, 226 AD2d 1092, 1093

[1996], *lv denied* 89 NY2d 864 [1996]). Defendant offered no evidence that the disproportionately lower percentage of African-Americans in the jury pool was attributable to some aspect of the process used in Monroe County to fill jury pools.

We also reject the contentions of defendant that the police did not have reasonable suspicion to stop his vehicle and that he was arrested without probable cause when he was handcuffed and transported to the crime scene in a police vehicle. The police had reasonable suspicion to stop and detain defendant for a showup identification "based on the totality of the circumstances, including a radio transmission providing a general description of the perpetrator[ ] of [the] crime . . . [,] the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant, who matched the radio-transmitted description" (*People v Evans*, 34 AD3d 1301, 1302 [2006], *lv denied* 8 NY3d 845 [2007] [internal quotation marks omitted]; *see People v Casillas*, 289 AD2d 1063, 1063-1064 [2001], *lv denied* 97 NY2d 752 [2002]; *People v Lynch*, 285 AD2d 518 [2001], *lv denied* 96 NY2d 940 [2001], *cert denied* 535 US 1081 [2002]). Contrary to the contention of defendant, the conduct of the police in detaining and transporting him to the crime scene did not constitute a de facto arrest. Rather, "the police diligently pursued a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly, during which time it was necessary to detain the defendant" (*People v Hicks*, 68 NY2d 234, 242 [1986]; *see People v Wiley*, 32 AD3d 1352, 1353-1354 [2006], *lv denied* 7 NY3d 930 [2006]). Also contrary to the contention of defendant, the police conducted a valid inventory search of his vehicle (*see People v Johnson*, 1 NY3d 252, 256 [2003]). The officers testified that they followed the Rochester Police Department's protocol for inventory searches by searching the entire vehicle before it was towed. The inventory search was not rendered invalid because the officers failed to secure and catalogue every item found in the vehicle (*see People v Walker*, 267 AD2d 994, 995 [1999], *lv denied* 94 NY2d 953 [2000]).

We agree with defendant that the People's case with respect to the burglary count depended entirely upon circumstantial evidence and that Supreme Court therefore should have given a circumstantial evidence charge (*see People v Rogers*, 16 AD3d 1101 [2005]; *cf. People v Roldan*, 88 NY2d 826, 827 [1996]). We conclude, however, that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant

probability that the jury would have acquitted defendant but for the court's failure to charge the jury with respect to circumstantial evidence (*see People v Fulton*, 28 AD3d 1180, 1181-1182 [2006], *lv denied* 7 NY3d 756 [2006]).

We also agree with defendant that the court erred in failing to sanction the People for a *Rosario* violation, i.e., the destruction of the fingerprint examiner's notes, at the persistent violent felony offender hearing. "Where *Rosario* material is lost or destroyed, the court is required to impose an appropriate sanction that is designed to eliminate resulting prejudice to the defendant" (*People v Carracedo*, 89 NY2d 1059, 1062 [1997]). Here, the notes were the only written record of the 10 points of similarity between the various sets of fingerprints and were the only means by which defendant could effectively cross-examine the fingerprint examiner. Defendant thus was prejudiced by the destruction of the notes, and the court erred in failing to impose any sanction (*see People v Wallace*, 76 NY2d 953, 955 [1990]; *People v Holman*, 283 AD2d 440, 441 [2001], *lv denied* 96 NY2d 902 [2001]). We therefore modify the judgment by vacating the sentence imposed for burglary in the second degree, and we remit the matter to Supreme Court for resentencing on count one of the indictment following a new persistent violent felony hearing (*see generally Wallace*, 76 NY2d 953 [1990]; *People v Gamble*, 172 AD2d 687, 688 [1991]). Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.