THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY J. RYAN, Appellant. [845 NYS2d 885]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 25, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [3]), defendant contends that Supreme Court erred in concluding that the police had reasonable suspicion to detain him prior to his arrest and thus erred in refusing to suppress evidence seized as a result of his arrest. We reject that contention. One police officer received a description of the person who stole the victim's vehicle from the victim herself, and another

officer received a description of that person from a witness to the crime. Both descriptions matched that of defendant, who was known by both of the officers. Indeed, one of the officers was familiar with defendant based on approximately 20 previous encounters with him while patrolling the neighborhood where the crime occurred. Approximately five hours after the incident, one of the two officers observed defendant in the vicinity of the crime scene and placed him in the back seat of the police vehicle, where he remained pending the viewing of a photo array by the witness. Upon learning that the witness had identified defendant from the photo array, the officer transported defendant to the police station.

We conclude that the police had the requisite reasonable suspicion to detain defendant briefly in the police vehicle pending the witness's identification of defendant from the photo array (see People v Owens, 39 AD3d 1260, 1261 [2007], lv denied 9 NY3d 849 [2007]; see also People v Padilla, 37 AD3d 357, 360 [2007], lv denied 9 NY3d 879 [2007]). Also contrary to defendant's contention, that brief detention in the police vehicle was not the equivalent of a de facto arrest (see Owens, 39 AD3d at 1261). The fact that defendant was handcuffed while seated in the back of the police vehicle is not dispositive of the issue whether his detention amounted to an arrest (see People v Allen, 73 NY2d 378, 380 [1989]). In any event, even assuming, arguendo, that defendant was under arrest based on his detention in the police vehicle, we conclude on the record before us that defendant consented to be seated in the back of the police vehicle, and "[c]onsent is a valid substitute for probable cause" (People v Hodge, 44 NY2d 553, 559 [1978]).

We reject the further contention of defendant that the photo array was unduly suggestive solely on the ground that he was the only individual depicted with braided hair (see People v Powell, 26 AD3d 795 [2006], lv denied 7 NY3d 793 [2006]). Here, defendant's braided hair did not "figure[ ] prominently" in the descriptions by the witness and the victim (cf. People v Moore, 143 AD2d 1056 [1988]). We note in any event that the fact that the victim and the witness selected different individuals from the photo array further supports our conclusion that "the subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such . . . a way as to indicate that the police were urging a particular selection" (People v Quinones, 5 AD3d 1093, 1093 [2004], lv denied 3 NY3d 646 [2004]). Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.