*960 OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by appeal of the People from a decision and judgment dated June 19, 2007 from the Town of Thompson Justice Court.
Return on appeal has been submitted by the Town of Thompson Justice Court.
Appellant has filed a notice of argument, brief, transcript of defendant’s suppression hearing and copy of the Justice Court’s decision and judgment dated June 19, 2007 which is the basis of the within appeal.
Attorney for respondent represented him as a defendant only and has not been retained regarding the within appeal.
Respondent has made no submissions pursuant to the within appeal.
Respondent was arrested on January 10, 2006 for driving while intoxicated (DWI) in violation of Vehicle and Traffic Law § 1192 (2) and (3). He was also charged with speeding 81 miles per hour in a 55-miles-per-hour zone.
Following a probable cause/Huntley hearing and submission of memoranda of law from both parties, the Justice Court rendered a decision and judgment dated June 19, 2007 suppressing the arrest of the respondent and dismissing the DWI section 1192 (2) and (3) charges. The speeding charge remained and was thereafter settled by plea agreement and sentence.
All parties consented to toll time pending the within appeal.
Statement of Facts
Respondent was stopped on January 10, 2006 by a New York State Trooper on New York State Route 17 in the Town of Thompson, County of Sullivan, for traveling 81 miles per hour in a 55-miles-per-hour zone.
Upon approaching respondent’s vehicle and speaking with him, the Trooper detected an odor of alcohol. Respondent admitted he had consumed several beers in Greenwood Lake, New York,* prior to driving.
Upon respondent exiting the vehicle, the Trooper observed that he was unsteady on his feet and his eyes were glassy.
While administering the horizontal gaze nystagmus test the Trooper was approached by several people advising him that a *961 car was on fire about one-half mile away, but it was then unknown whether there were any people in the car.
Though the Trooper wanted to continue his investigation of the respondent, the car fire emergency existed only a short distance away and may have been a matter of life or death.
The Trooper asked the respondent if he would come with him to the car fire scene by sitting in the police car. Respondent consented specifically stating that he understood that the Trooper had a job to do.
The Trooper testified that he told the respondent that he was not under arrest, did not handcuff him and drove to the car fire scene about one-half mile away with the respondent in the back seat. At the fire scene several people, fire fighting vehicles and members of the Monticello Fire Department were already present.
The Trooper then asked the respondent to exit the police vehicle and continued with two more field sobriety tests. At the conclusion of the tests and in consideration of the respondent’s physical condition, odor of alcohol on his breath, unsteady movement, glassy eyes, admission to consuming alcoholic beverages and the field sobriety tests, respondent was placed under arrest for speeding and violations of Vehicle and Traffic Law § 1192 (2) and (3).
The placing of the respondent in the police car to go to the scene of the car fire and the resuming of the Trooper’s investigation of the respondent totaled less than five minutes in time. In addition, respondent was told that he was not under arrest, was not handcuffed, and gave his consent to accompany the Trooper, and no information was elicited until after the Trooper’s investigation continued at the scene of the car fire. Words alone do not create or negate an arrest.
“Whenever an individual is physically or constructively detained by virtue of a significant interruption of his liberty of movement as a result of police action, that individual has been seized within the meaning of the Fourth Amendment.” (People v Cantor, 36 NY2d 106, 111 [1975].)
“Indeed, when the intrusion involved is of sufficient magnitude, an ‘arrest’ will be said to occur . . . However, it is equally clear that not every seizure constitutes an arrest. (See Terry v Ohio, 392 US 1.) Thus, even though it is concluded that a person is seized, this does not mean that the law enforcement officer’s actions must be measured, in all instances, *962 against the probable cause standard.” (People v Chestnut, 51 NY2d 14, 20 [1980].)
“The touchstone of any analysis of a governmental invasion of a citizen’s person under the Fourth Amendment and the constitutional analogue of New York State is reasonableness.” (People v Batista, 88 NY2d 650, 653 [1996] [internal quotation marks omitted].) Any determination of reasonableness hinges upon the facts of each particular case. (People v Batista, supra; People v Chestnut, supra.)
“Bearing in mind that reasonableness is the touchstone of our inquiry into the propriety of police conduct, we must weigh the degree and scope of the particular intrusion ‘ “against the precipitating and attending conditions” ’ confronted.” (People v McLaurin, 70 NY2d 779, 781 [1987].)
In People v Hicks (68 NY2d 234 [1986]), defendant was transported by the police to the scene of a robbery for identification purposes. He was not handcuffed, there was no show of force, the total time and distance involved was very brief, he was told the specific, limited purpose of the detention and he was not questioned during the detention. The seizure was held to be reasonable and lawful. The instant matter is even less intrusive than Hicks.
The transporting of a defendant to a crime scene for possible identification where the elapsed time and distance was brief, defendant was not handcuffed and police officers did not use force or illicit information from him is reasonable. (People v Liner, 133 AD2d 555 [1st Dept 1987]; see also People v Arthur, 209 AD2d 175 [1st Dept 1994].)
“Consent is a valid substitute for probable cause and, since there is support for the factual findings in the record, it is binding on our court.” (People v Hodge, 44 NY2d 553, 559 [1978]; see also People v Dart, 186 AD2d 905 [3d Dept 1992]; People v Vogler, 201 AD2d 890 [4th Dept 1994].)
Consent to be seated, even handcuffed, is a valid substitute for probable cause. (People v Ryan, 45 AD3d 1363 [4th Dept 2007].)
The Trooper testified at the suppression hearing in Justice Court that, at the time of receiving the information regarding the car fire a short distance from the scene of the stop, he had not formed probable cause to arrest because he had not concluded his intoxication inquiry. However, given the emergency nature of the car fire, the defendant consented to go with *963 the Trooper even stating that he understood that the Trooper had a job to do.
No interpretation of the transcript of the suppression testimony could lead one to possibly conclude that respondent’s consent was anything but voluntary and freely given without force or duress.
Thus, the transportation of the respondent to the car fire scene was reasonable under the circumstances and not a subterfuge for a proscribed interrogation, and the respondent’s clear and unequivocal consent to the move in location by the Trooper is a substitute for probable cause. Hence, the Town Justice erred in granting the respondent’s motion to suppress for lack of probable cause.
Based upon the above, it is ordered that the appeal is granted, and it is ordered that the decision and judgment dated June 19, 2007 of the Town of Thompson Justice Court is herein reversed and vacated, and it is further ordered that the arrest of the respondent was lawful, and it is further ordered that the charges against the respondent, namely, violation of Vehicle and Traffic Law § 1192 (2) and (3) are herein reinstated, and it is further ordered that the within matter is returned to the Town of Thompson Justice Court for further proceedings consistent with this decision and order.

 Greenwood Lake is in Orange County, approximately 40 miles from the stop at issue.