THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BANAISHA E. RIOS, Appellant. [852 NYS2d 898]—

Memorandum: On appeal from a judgment convicting her upon a plea of guilty of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that the police lacked reasonable suspicion to stop her while she was walking down a street in the City of Rochester and to transport her to the scene of the crime for a showup identification. We reject that contention. Here, the victim provided the police with general descriptions of the three perpetrators, including references to gender, height and ethnicity. The police observed defendant and two other individuals, each of whom matched the victim's descriptions of the perpetrators, within an hour of the incident and in proximity to the scene of the crime. We thus conclude that, "based on the totality of the circumstances," the police had a reasonable suspicion that defendant was involved in the robbery (*People v Casillas*, 289 AD2d 1063, 1064 [2001], *lv denied* 97 NY2d 752 [2002]; *see People v Wilson*, 225 AD2d 568 [1996], *lv denied* 88 NY2d 997 [1996]). We note in any event that defendant voluntarily accompanied the police to the scene of the crime (*see People v Hodge*, 44 NY2d 553, 559 [1978]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.