■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC B. ANDREWS, Also Known as CEDRIC B. BROWN, Appellant. [870 NYS2d 182]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defen-

dant contends that County Court erred in refusing to suppress the cocaine seized from his vehicle. We reject that contention. The police received an anonymous 911 call indicating that a person with a gun was inside an apartment at a specified address, followed by a second 911 call minutes later indicating that there was a fight occurring between a man and a woman on the street corner in front of that address. After the responding officer parked on the street in question, neighbors pointed him to the corner where he observed defendant following two or three females as they walked toward the officer. Upon seeing the officer, defendant turned around, ran to a truck parked around the corner, and drove away at a fast rate of speed. The officer then noticed that the windows of the apartment that was the subject of the first 911 call had been smashed, the door had been kicked open, the inside of the apartment had been "trashed," and a crowbar was on the ground outside. The officer dispatched a description of defendant's truck and direction of travel. Another officer stopped the truck driven by defendant a few minutes later, and a plastic bag containing cocaine was thereafter found in his vehicle.

We conclude that the totality of the information known to the police at the time of the stop of defendant's truck "supported a reasonable suspicion of criminal activity . . . [, i.e.,] that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v William II*, 98 NY2d 93, 98 [2002] [internal quotation marks omitted]). "[A] 'defendant's flight may be considered in conjunction with other attendant circumstances' in determining whether reasonable suspicion justifying a seizure exists" (*People v Pines*, 99 NY2d 525, 526 [2002], quoting *People v Martinez*, 80 NY2d 444, 448 [1992]).

Defendant failed to preserve for our review his contention that the conduct of the police following the stop of his truck constituted a de facto arrest for which the police did not have probable cause (*see* CPL 470.05 [2]). In any event, that contention lacks merit. The People presented testimony at the suppression hearing supporting the conclusion that defendant was subjected to a nonarrest detention preparatory to transporting him back to the location that was the subject of the 911 calls for a showup identification procedure (*see People v Hicks*, 68 NY2d 234, 240 [1986]; *see also People v Allen*, 73 NY2d 378, 380 [1989]). We thus reject the further contention of defendant that defense counsel's failure to preserve for our review defendant's present contention concerning the alleged de facto arrest denied

defendant his right to effective assistance of counsel (*see generally People v Turner*, 5 NY3d 476, 480-481 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.