■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASH J.Y., Appellant. [876 NYS2d 289]—

Appeal from an adjudication of the Monroe County Court (Alex R. Renzi, J.), rendered September 28, 2005. Defendant was adjudicated a youthful offender upon a jury verdict that found him guilty of robbery in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant was adjudicated a youthful offender following his conviction of robbery in the second degree (Penal Law § 160.10 [1]) and grand larceny in the fourth degree (§ 155.30 [5]). On appeal from that adjudication, defendant contends that County Court erred in refusing to suppress statements that he made to the police as well as identification testimony, both of which were allegedly obtained as the result of an unlawful seizure. We reject that contention. Contrary to the contention of defendant, the police officer who stopped the vehicle driven by defendant had the requisite reasonable suspicion to do so. The record of the suppression hearing establishes that the police officer was responding to a series of radio dispatches stating that there had been a robbery involving three black males, one of whom was carrying a unique jacket, and that, within minutes of the robbery and within blocks of the location where it occurred, the police officer observed a black male carrying the identified jacket. That male ran across the yards of some residences and then ran behind another residence before entering a waiting vehicle in which defendant was in the driver's seat. As that vehicle drove away, the police officer observed three people inside. It is well settled that the police may stop an automobile "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (*People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]; *see People v Robinson*, 97 NY2d 341, 351 [2001]). Here, there was

reasonable suspicion to believe that at least one occupant of the vehicle had committed a crime.

We further conclude that the original police officer and other responding police officers had reasonable suspicion to stop and detain defendant for a showup identification "based on the totality of the circumstances, including 'a radio transmission providing a general description of the perpetrators of [the] crime . . . [,] the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant [and the other perpetrators of the crime], who matched the radio-transmitted description' " (*People v Casillas*, 289 AD2d 1063, 1064 [2001], *lv denied* 97 NY2d 752 [2002]; *see People v Owens*, 39 AD3d 1260 [2007], *lv denied* 9 NY3d 849 [2007]; *People v Evans*, 34 AD3d 1301 [2006], *lv denied* 8 NY3d 845 [2007]).

Defendant failed to preserve for our review his contention that the conduct of the police officers constituted a de facto arrest for which they lacked probable cause (*see People v Andrews*, 57 AD3d 1428 [2008]; *see also People v Massey*, 49 AD3d 462 [2008], *lv denied* 10 NY3d 866 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's final contention, we conclude that, although the indictment charged defendant with taking the victim's jacket and necklace, the court properly instructed the jury that it could convict defendant of grand larceny in the fourth degree based on the taking of either the jacket or the necklace (*see People v Charles*, 61 NY2d 321, 327-328 [1984]; *People v Frascone*, 271 AD2d 333 [2000]). "[B]ecause the nature of the property stolen was not a material element of the charge which required only proof that 'property' was stolen," the court did not err in its instruction (*Charles*, 61 NY2d at 328; *see Frascone*, 271 AD2d 333 [2000]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.