THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY J. DUMBLETON, Appellant. [888 NYS2d 817]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered August 23, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that the police lacked probable cause to arrest him at the time that he was placed in handcuffs. At the suppression hearing, defendant contended

only that he had been arrested without probable cause, without specifying that the arrest occurred when he was placed in handcuffs. Defendant's present contention therefore is unpreserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his additional contention that the police lacked reasonable suspicion to place him in handcuffs in the attic and to hold him for a showup identification prior to arresting him (*see* CPL 470.05 [2]). In any event, that contention lacks merit (*see People v Cash J.Y.*, 60 AD3d 1487, 1489 [2009], *lv denied* 12 NY3d 913 [2009]). The information known to the police when they placed defendant in handcuffs and held him for a showup identification "supported a reasonable suspicion of criminal activity . . . [, i.e.,] that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v William II*, 98 NY2d 93, 98 [2002] [internal quotation marks omitted]; *see People v Booth*, 61 AD3d 1330, 1331 [2009]). "Indeed, in conducting the showup identification, 'the police diligently pursued a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly, during which time it was necessary to detain the defendant' " (*Booth*, 61 AD3d at 1331). We note in addition that "a 'defendant's flight may be considered in conjunction with other attendant circumstances' in determining whether reasonable suspicion justifying a seizure exists" (*People v Pines*, 99 NY2d 525, 527 [2002]). The police had probable cause to arrest defendant after the victim identified him during the showup identification procedure (*see People v Santiago*, 41 AD3d 1172, 1174 [2007], *lv denied* 9 NY3d 964 [2007]; *People v Williams*, 30 AD3d 980, 981 [2006], *lv denied* 7 NY3d 852 [2006]).

Defendant failed to preserve for our review his contention that there was not a sufficient foundation for the admission of dog tracking evidence (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.