■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY AUSTIN, Also Known as KHALI ALI, Appellant. [899 NYS2d 716]—Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered September 5, 2008. The judgment convicted defendant, upon a nonjury verdict, of robbery in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of robbery in the third degree (Penal Law § 160.05). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject the contention of defendant that defense counsel was ineffective in failing to preserve that challenge for our review inasmuch as defendant failed to demonstrate that it would be meritorious (*see People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, "the showup identification procedure, which was conducted in geographic and temporal proximity to the crime, was not unduly suggestive" (*People v Davis*, 48 AD3d 1120, 1122 [2008], *lv denied* 10 NY3d 957 [2008]; *see People v Duuvon*, 77 NY2d 541, 545 [1991]), despite the fact that defendant was seated in a police vehicle when viewed by the victim (*see People v Robinson*, 8 AD3d 1028, 1029-1030 [2004], *affd* 5 NY3d 738 [2005], *cert denied* 546 US 988 [2005]; *Duuvon*, 77 NY2d at 545; *People v Ricks*, 270 AD2d 882 [2000], *lv denied* 95 NY2d 802 [2000]). The sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.