■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYLIE JACKSON, Appellant. [910 NYS2d 827]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 23, 2009. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish defendant's identity as the perpetrator (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, two witnesses testified during the trial that they observed defendant commit the crimes and that they were able to view his face immediately before he committed them. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, "[t]he police had reasonable suspicion to stop and detain [him] for a showup identification procedure 'based on the totality of the circumstances, including a radio transmission providing a general description of the perpetrator[ ],' " the proximity of defendant to

the site of the attempted robbery, the brief period of time between the attempted robbery and the discovery of defendant near the crime scene, and the observation by the officer of defendant, who matched that description (*People v Owens*, 39 AD3d 1260, 1261 [2007], *lv denied* 9 NY3d 849 [2007]; *see People v Casillas*, 289 AD2d 1063, 1063-1064 [2001], *lv denied* 97 NY2d 752 [2002]). In addition, "[t]he police had probable cause to arrest defendant after the victim identified him during the showup identification procedure" (*People v Dumbleton*, 67 AD3d 1451, 1452 [2009], *lv denied* 14 NY3d 770 [2010]; *see People v Mobley*, 58 AD3d 756 [2009], *lv denied* 12 NY3d 785 [2009]). Contrary to defendant's further contention, " 'the showup identification procedure, which was conducted in geographic and temporal proximity to the crime, was not unduly suggestive' " (*People v Austin*, 73 AD3d 1471 [2010], *lv denied* 15 NY3d 771 [2010]; *see e.g. People v Judware*, 75 AD3d 841, 843 [2010], *lv denied* 15 NY3d 853 [2010]; *People v Parris*, 70 AD3d 725, 726 [2010]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.