# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1418**
**KA 07-00923**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LORENZO D. SWEENEY, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered March 14, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in refusing to allow defendant to withdraw his guilty plea because the plea was not voluntarily entered. We note that, in support of his motion to withdraw the plea, defendant contended only that he was denied effective assistance of counsel. Defendant thus failed to preserve for our review his present contention that his plea was not voluntarily entered, inasmuch as he also failed to move to vacate the judgment of conviction on that ground (*see People v Mackey*, 79 AD3d 1680, *lv denied* 16 NY3d 860). In any event, we reject defendant's contention. The court's statement that defendant could not receive a more lenient sentence if a jury convicted him after trial and that the sentence promise of 10 years was reasonable did not render the plea involuntary, in view of the transcript of the plea colloquy when read as a whole (*see People v Jackson*, 64 AD3d 1248, 1249, *lv denied* 13 NY3d 745; *see also People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747). " 'The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced' " (*Boyde*, 71 AD3d at 1443).

We further conclude that the police had reasonable suspicion to stop and detain defendant for the two show-up identification procedures based upon the totality of the circumstances (*see People v Casillas*, 289 AD2d 1063, 1064, *lv denied* 97 NY2d 752; *see also People*

*v Wiley*, 32 AD3d 1352, *lv denied* 7 NY3d 930).  Finally, although show-up identifications are generally disfavored because they are suggestive by their very nature (*see People v Ortiz*, 90 NY2d 533, 537), we conclude under the circumstances of this case that the show-up identifications that were the subject of the suppression hearing arising from two distinct robberies were valid (*see People v Riley*, 70 NY2d 523, 529).

Entered:  December 23, 2011                      Frances E. Cafarell
                                                 Clerk of the Court