People v McEnnis (2026 NY Slip Op 01635)

People v Mcennis

2026 NY Slip Op 01635

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

27 KA 21-01811

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJONATHAN MCENNIS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 16, 2021. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts), robbery in the first degree (five counts), assault in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of five counts of robbery in the first degree (Penal Law § 160.15 [3], [4]), two counts of murder in the second degree (§ 125.25 [1], [3]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]), and one count of assault in the second degree (§ 120.05 [6]). The charges arise from a series of three armed robberies committed by defendant and his codefendant in Niagara Falls on two separate dates, during which two individuals were shot, one fatally. We affirm.
Defendant's contention challenging the applications for the two cell "tower dump" search warrants is not preserved for our review (see CPL 470.05 [2]; People v Myles, 216 AD3d 1419, 1421 [4th Dept 2023], lv denied 40 NY3d 936 [2023]; People v Navarro, 158 AD3d 1242, 1243-1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Everson, 240 AD3d 1343, 1345 [4th Dept 2025]; Myles, 216 AD3d at 1421-1422). With respect to defendant's contention that his original defense counsel was ineffective in not challenging the applications for those search warrants and that his replacement defense counsel was ineffective in not seeking to reopen the suppression motion, defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsels' decisions not to challenge the search warrant applications (see People v Dennis, 192 AD3d 1137, 1137 [2d Dept 2021], lv denied 37 NY3d 964 [2021]; People v Morris, 117 AD3d 1580, 1580-1581 [4th Dept 2014]).
By failing to renew his motion to dismiss at the close of proof, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his identity as a perpetrator of the crimes (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Eckerd, 161 AD3d 1508, 1508 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Nonetheless, we "necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Turner, 197 AD3d 997, 998 [4th Dept 2021], lv denied 37 NY3d 1061 [2021] [internal quotation marks omitted]; see People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Here, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to the issue of [*2]identity (see People v Renaldo, 239 AD3d 1470, 1471 [4th Dept 2025], lv denied 44 NY3d 1013 [2025]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Specifically, cell-site and electronic location data established that defendant's phone was present at the time and place of all three incidents; surveillance videos, license plate reader hits, and Thruway toll hits showed defendant's vehicle being driven in the vicinity of all three crime scenes at the relevant times; and surveillance videos from two of the incidents depicted individuals who, while masked, matched the appearance and the witnesses' descriptions of defendant and the codefendant. Given the overwhelming circumstantial evidence, the assertion that two other unknown persons were at the same location to commit the robberies, shootings, and murder is "so implausible that it could not create a reasonable doubt as to defendant's guilt" (People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's contention, we conclude that he received effective assistance of counsel. The evidence, the law, and the circumstances of a particular case should be "viewed in totality and as of the time of the representation," and if they reveal "that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]). What constitutes effective assistance of counsel varies according to the unique circumstances of each case (see id. at 146). When a defense is based on a "reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d 708, 713 [1998]; see People v Singleton, 203 AD3d 1671, 1672-1673 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]). Here, defendant received meaningful representation. The attorneys who represented defendant made appropriate pretrial motions, conducted suppression and other pretrial hearings, presented opening and closing arguments, raised appropriate objections throughout the trial, effectively cross-examined the prosecution witnesses, and presented a cogent defense challenging defendant's identification as one of the perpetrators. Contrary to defendant's contention, the record reflects that his replacement defense counsel was permitted to explore issues raised by his initial defense counsel during the relevant hearings, that surveillance video was turned over to his initial defense counsel, and that his replacement defense counsel provided him with all discovery and routinely met with him in advance of trial. Defendant further failed to demonstrate the absence of a legitimate or strategic basis for replacement defense counsel's decision "not to call [a] witness[ ] and has thus failed to establish that he was denied effective assistance of counsel" on that ground (People v Dombrowski, 94 AD3d 1416, 1417 [4th Dept 2012], lv denied 19 NY3d 959 [2012]). While replacement defense counsel erred when describing part of a witness's testimony during summation, it was not so egregious as to deprive defendant of his constitutional right to meaningful representation (see generally Benevento, 91 NY2d at 712).
We agree with defendant that Supreme Court erred in denying his request for a circumstantial evidence instruction. "It is well settled that a trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence" (People v Hardy, 26 NY3d 245, 249 [2015]; see People v Exford, 234 AD3d 1252, 1253-1254 [4th Dept 2025]). Contrary to the People's assertion, this was not a case with both direct and circumstantial evidence of defendant's guilt, which would "negate the need for a circumstantial evidence charge" (Exford, 234 AD3d at 1254; see also People v Lathrop, 227 AD3d 1503, 1506 [4th Dept 2024], lv denied 42 NY3d 939 [2024]). Although surveillance video footage of a crime can constitute direct evidence (see e.g. Hardy, 26 NY3d at 250), it did not constitute direct evidence here. Defendant's identity cannot be discerned clearly from the surveillance video footage offered at trial inasmuch as the perpetrators in the videos are masked (see Exford, 234 AD3d at 1254). Nonetheless, we conclude that the court's failure to give the charge is harmless error. The circumstantial evidence, which included cell phone and electronic location data placing defendant at all three crime scenes, is overwhelming, and there is no significant probability that defendant would have been acquitted had the circumstantial evidence charge been given (see People v Brian, 84 NY2d 887, 889 [1994]; People v Maddox, 92 AD3d 696, 697 [2d Dept 2012], lv denied 19 NY3d 865 [2012]; People v Fulton, 28 AD3d 1180, 1181-1182 [4th Dept 2006], lv denied 7 NY3d 756 [2006]).
Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during direct examination and summation (see People v Marra, 96 AD3d 1623, 1626 [4th Dept 2012], affd 21 NY3d 979 [2013]; People v Smith, 32 AD3d 1291, 1292 [4th Dept 2006], lv denied 8 NY3d 849 [2007]) and, in any event, we conclude that none of [*3]the prosecutor's comments was " 'so egregious as to deny defendant a fair trial' " (People v Rivers, 82 AD3d 1623, 1624 [4th Dept 2011], lv denied 17 NY3d 904 [2011]). Inasmuch as the court ruled the 911 call from the murder scene admissible (see generally People v Sides, 215 AD3d 1250, 1250-1251 [4th Dept 2023], lv denied 40 NY3d 936 [2023]), it was not prosecutorial misconduct for the People to play the entire call for the jury.
Defendant abandoned his contention that certain documents were improperly admitted in evidence during the grand jury proceeding after the People supplemented the appellate record with the CPLR 4518 business record certifications for those documents (see generally People v Arroyo, 167 AD3d 1537, 1538 [4th Dept 2018], lv denied 33 NY3d 945 [2019]). The remainder of defendant's challenge to the sufficiency of the evidence before the grand jury is not properly before us inasmuch as the ensuing judgment is " 'based upon legally sufficient trial evidence' " (People v Jackson, 122 AD3d 1310, 1311 [4th Dept 2014], lv denied 24 NY3d 1220 [2015]; see CPL 210.30 [6]; People v Edgeston, 90 AD3d 1535, 1535-1536 [4th Dept 2011], lv denied 19 NY3d 973 [2012]).
Although defendant contends that the court erred in refusing to suppress statements that he made at the police station, those statements were not used as evidence at trial, and we therefore conclude that any error in refusing to suppress them is harmless (see People v Thacker, 156 AD3d 1482, 1483 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). Defendant did not preserve a challenge to any reference to those statements made by the People during their opening statement (see CPL 470.05 [2]) and, in any event, attorney statements do not constitute evidence, as the court properly instructed the jury (see People v Warmley, 179 AD3d 1537, 1538 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; see generally People v Ashwal, 39 NY2d 105, 109-111 [1976]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court