THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VU NGO, Appellant. [633 NYS2d 891] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of three counts of robbery in the first degree. His contention that the prosecutor unlawfully discriminated in the exercise of a peremptory challenge against a prospective juror is not preserved for our review *(see,* CPL 470.05 [2]; *People v Roberts,* 204 AD2d 974, 975, *lv denied* 84 NY2d 871; *People v Harris,* 151 AD2d 961), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Supreme Court properly rejected the contention of defendant that his detention at the hospital emergency room area was unlawful and that evidence obtained as the result of that detention should be suppressed. Defendant transported his brother to the hospital for treatment of a gunshot wound. A

police officer who was at the hospital emergency room to investigate that shooting asked defendant his name and address and what he knew about the circumstances of his brother's injury. That initial approach did not constitute an unlawful detention *(see, People v Hollman,* 79 NY2d 181, 191; *People v De Bour,* 40 NY2d 210, 223; *People v Heston,* 152 AD2d 999, *lv denied* 76 NY2d 858, 940). Further, defendant was not detained for police purposes when the officer suggested that he wait in a smaller family room in the event that hospital personnel needed to talk with him. After several minutes, defendant left the room and walked outside the hospital. The officer followed and asked defendant to return to the emergency room area so he would be available to hospital personnel. Even assuming, arguendo, that the officer detained defendant in part because he had not completed his investigation of the factual circumstances of the brother's shooting, the officer's verbal request that defendant return to the emergency room area and the subsequent brief detention did not elevate the level of intrusion to a forcible detention or seizure of the person *(see, People v Bora,* 83 NY2d 531, 535-536; *People v Bent,* 206 AD2d 926, *lv denied* 84 NY2d 906). When another officer arrived at the hospital, following his investigation of a recent robbery and homicide committed not far from the hospital, the police had reasonable suspicion to believe that defendant had engaged in criminal activity, thereby justifying continued detention of him for a showup identification and questioning *(see, People v White,* 183 AD2d 671, *lv denied* 80 NY2d 911). (Appeal from Judgment of Supreme Court, Monroe County, Wesley, J.— Robbery, 1st Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.