■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ANEZ, Appellant. [669 NYS2d 210] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered on or about February 16, 1995, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PEREZ, Appellant. [669 NYS2d 210] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered February 26, 1996, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant's valid and explicit waiver at his plea allocution of his right to raise any suppression issues constitutes a withdrawal of his previously decided suppression motion, and thus forecloses appellate review of his instant claims (*see, People v Carter*, 239 AD2d 156, *lv denied* 90 NY2d 902). In any event, the court properly denied defendant's motion to suppress the photographic identification because the evidence adduced at the *Wade* hearing established that the identification procedure was fair and nonsuggestive. The information on the back of defendant's photograph "did not introduce an element of suggestiveness * * * inasmuch as the [witness] * * * did not even notice the information until after she had already made her identification" (*People v Gourdine*, 223 AD2d 428, 428-429, *lv denied* 88 NY2d 848; *see also, United States v Person*, 478 F2d 659, 661).

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.