◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EVANS, Appellant. [825 NYS2d 617]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered November 5, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that Supreme Court erred in refusing to suppress his statements to the police and the showup identification by the complainant on the ground that his statements and that identification were the products of an illegal stop not supported by reasonable suspicion. Defendant failed to preserve his contention for our review (*see People v Green*, 10 AD3d 664 [2004], *lv denied* 3 NY3d 757 [2004]; *People v Vann*, 288 AD2d 876 [2001], *lv denied* 97 NY2d 709 [2002]) and, in any event, it is lacking in merit. "[T]he police had reasonable suspicion to stop and detain [defendant] for a showup identification procedure based on the totality of the circumstances, including 'a radio transmission providing a general description of the perpetrator[s] of [the] crime . . . [,] the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant, who matched the radio-transmitted description' " (*People v Casillas*, 289 AD2d 1063, 1064 [2001], *lv denied* 97 NY2d 752 [2002], quoting *People v Lynch*, 285 AD2d 518, 519 [2001], *lv denied* 96 NY2d 940 [2001], *cert denied* 535 US 1081 [2002]; *see People v Wilson*, 225 AD2d 568 [1996], *lv denied* 88 NY2d 997 [1996]). We reject defendant's further contention that defense counsel's failure to challenge the legality of the stop constitutes ineffective assistance of counsel (*see People v Miller*, 228 AD2d 979, 980 [1996], *lv denied* 88 NY2d 990 [1996]). The court properly permitted testimony with respect to the 75-year-old complainant's out-of-court identification of defendant, where the complainant identified defendant as one of the burglars at the showup but was unable to identify him at trial (*see* CPL 60.25; *People v Ortiz*, 253 AD2d 710 [1998], *lv denied* 92 NY2d 951 [1998]). The court also properly refused to suppress the

statement of defendant to the police on the ground that he was under the influence of crack cocaine and thus allegedly was incapable of voluntarily waiving his *Miranda* rights (*see People v Carpenter*, 13 AD3d 1193 [2004], *lv denied* 4 NY3d 797 [2005]; *People v Gadson*, 239 AD2d 924 [1997], *lv denied* 90 NY2d 905 [1997]).

Defendant failed to preserve for our review his contention with respect to the accuracy of the CPL 400.16 statement (*see generally People v Johnson*, 13 AD3d 555 [2004], *lv denied* 4 NY3d 764, 854 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.