■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR L. MARTINEZ, Appellant. [834 NYS2d 794]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered February 17, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that Supreme Court erred in refusing to suppress his statement to the police and the rolled coins seized from his pocket as the products of an illegal arrest. Assuming, arguendo, that the waiver by defendant of the right to appeal was not knowing, voluntary and intelligent and thus that his contention survives the waiver (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), we nevertheless reject his contention. We note that, in refusing to suppress the statement

and evidence, the court determined that defendant was under arrest at the time he was taken into custody by the police (*cf. People v Porter*, 37 AD3d 1165 [2007]), and that the statement and rolled coins were the products of a lawful arrest. We disagree with the court's determination that defendant was under arrest. Rather, we conclude that, at the time the police forcibly detained defendant, they had reasonable suspicion to believe that he was involved in the robbery and thus were entitled to detain him for purposes of a showup identification procedure (*see People v Foster*, 85 NY2d 1012, 1013-1014 [1995]; *People v Gil*, 21 AD3d 1120 [2005]; *People v Vu Ngo*, 221 AD2d 995, 996 [1995], *lv denied* 87 NY2d 926 [1996]). Within minutes of a reported robbery, defendant was observed by a police officer 1½ blocks from the scene of the robbery, and he fit the description given to that officer at the scene by an unidentified woman who saw a man run out from behind the store that had been robbed. The same description was also provided by an identified witness who saw a man running through her yard, which was in proximity to the rear of the store, and the description was broadcast over the police radio (*see People v Evans*, 34 AD3d 1301, 1302 [2006], *lv denied* 8 NY3d 845 [2007]). Although defendant was walking when he was observed by the police officer, the officer observed that defendant was sweating and breathing hard. The police therefore had reasonable suspicion to believe that defendant had been involved in the robbery (*see People v Moore*, 6 NY3d 496, 498-499 [2006]), and the officer was entitled to pursue him when defendant pushed the officer and fled on foot (*see People v Woods*, 98 NY2d 627, 628 [2002]). Because the police knew that weapons had been used in the course of the robbery, they were justified in using handcuffs (*see People v Foster*, 85 NY2d 1012, 1014 [1995]; *People v Allen*, 73 NY2d 378, 380 [1989]), and in conducting a pat-down frisk of defendant in order to ensure officer safety (*see People v Fuqua*, 24 AD3d 1246, 1247 [2005], *lv denied* 6 NY3d 833 [2006]; *see generally People v Batista*, 88 NY2d 650, 654 [1996]). The officer conducting the pat-down frisk felt a hard object in defendant's pocket that he was unable to identify, and he was therefore authorized to reach into defendant's pocket in order to determine that the object was not a weapon (*see People v Howard*, 2 AD3d 1323, 1324 [2003], *lv denied* 2 NY3d 800 [2004]). Although the officer observed the rolled coins, he did not remove them from defendant's pocket at that time.

While in the police vehicle en route to the showup, defendant overheard either a police radio broadcast concerning guns used in the course of the robbery or the two officers talking to each other about the guns, whereupon he stated, "I didn't have a

gun, I had a knife." We conclude that defendant was not subjected to police action that was likely to elicit an incriminating response, and the court therefore properly refused to suppress the statement (*see People v Boyd*, 21 AD3d 1428, 1429 [2005], *lv denied* 6 NY3d 773 [2005]; *see generally People v Gonzales*, 75 NY2d 938, 939-940 [1990], *cert denied* 498 US 833 [1990]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.