THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYLE WILLIAMS, Appellant. [856 NYS2d 334]—

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]). The record establishes that County Court asked defendant during the plea colloquy, "Do you also as part of your plea of guilty waive your right to appeal any and all issues?" We agree with defendant that the court's question was misleading because it implied that "the right to appeal is automatically extinguished upon entry of a guilty plea" (*People v Moyett*, 7 NY3d 892, 893 [2006]; *see People v Billingslea*, 6 NY3d 248, 257 [2006]). We conclude, however, that the waiver by defendant of the right to appeal is valid because the record establishes that the court otherwise properly conveyed to defendant "the distinction between the right to appeal and other trial rights forfeited incident to a guilty plea" (*Moyett*, 7 NY3d at 893).

The contentions of defendant with respect to the court's suppression ruling are encompassed by his valid waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]) and in any event, those contentions lack merit. The police had reasonable suspicion to believe that defendant was involved in the robbery and thus were entitled to detain him in order to conduct a showup identification procedure (*see People v Foster*, 85 NY2d 1012, 1014 [1995]; *People v Martinez*, 39 AD3d 1159, 1160 [2007], *lv denied* 9 NY3d 867 [2007]), and the showup identification procedure was not unduly suggestive (*see People v Delarosa*, 28 AD3d 1186 [2006], *lv denied* 7 NY3d 811 [2006]; *People v Matthews*, 24 AD3d 1306 [2005], *lv denied* 6 NY3d 850 [2006]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.