■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN RAMIREZ, Appellant. [873 NYS2d 56]—

Judgments, Supreme Court, New York County (James A. Yates, J.), rendered March 16, 2006, convicting defendant, after a nonjury trial, of manslaughter in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The hearing court properly denied suppression of defendant's statements to a police receptionist. Defendant, who appeared to be bleeding slightly from minor scratches, walked up to the receptionist while she was taking a break outside the police station and told her in Spanish that he "wanted" and "needed" a lawyer. Assuming that he was a crime victim, the Spanish-speaking receptionist told defendant he was at a police station, not a law office, and asked if she could help him in any way. In

response, defendant confessed to the crime, stating that he had just shot the victim in the eye. The receptionist, concerned that defendant was armed, asked him where the weapon was, and he told her where he had discarded it.

Defendant's statement admitting the homicide was admissible regardless of whether the receptionist could be deemed an agent of the Police Department. When he made this statement, he had not made an unequivocal request for counsel. When he said he wanted a lawyer, he was not being questioned about anything, and he provided no context for his reference to a lawyer; it was not until after he admitted the homicide that the context became clear. For all the receptionist knew, he could have been looking for help in locating a personal injury lawyer. We note that the receptionist was neither trained nor authorized to investigate crimes, and that one of her duties was to help people who mistakenly came to the police station for assistance in civil matters. In any event, even if defendant had invoked his right to counsel, his confession was spontaneous under the standard applicable where the right to counsel has attached (*see People v Campney*, 94 NY2d 307 [1999]; *People v Harris*, 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983]). The simple question "Can I help you in any way?" and its surrounding circumstances cannot even remotely be considered an interrogation environment. Even assuming that defendant's right to counsel had attached by the time the receptionist asked him whether he had the weapon on his person, that inquiry was proper under the public safety exception (*see New York v Quarles*, 467 US 649, 655-656 [1984]; *People v Palmer*, 263 AD2d 361 [1999], *lv denied* 93 NY2d 1024 [1999], *cert denied* 528 US 1051 [1999]).

After defendant was arrested, a lieutenant asked another officer, "Has this guy been tossed for a gun," and defendant made a statement in English about his having discarded the weapon. This statement was not introduced at trial, and we reject defendant's contention that the recovery of a revolver was the fruit of this statement. In any event, we find that this statement was also spontaneous within the right-to-counsel context.

Defendant's complaint about an incriminating statement he subsequently made to a detective is unavailing because the People did not introduce that statement. We have considered and rejected defendant's remaining claims, including those concerning the physical evidence. Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.