Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.

JOANNE M. DEGEORGE, Respondent, v MATTHEW F. BAUMAN, Appellant. [890 NYS2d 844]—

Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.

In the Matter of LAURENCE L. KEENAN, Petitioner, v APPEALS BOARD OF ADMINISTRATIVE ADJUDICATION BUREAU, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, et al., Respondents. [890 NYS2d 888]—

Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DANIELS, Appellant. [891 NYS2d 815]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05). As the People correctly concede, the waiver by defendant of the right to appeal was invalid because County Court erroneously informed him that, by

pleading guilty, he was forfeiting the right to seek appellate review with respect to the propriety of the court's denial of his suppression motion (*cf. People v Kemp*, 94 NY2d 831, 833 [1999]). The right to challenge a suppression ruling on appeal is not among the rights automatically forfeited upon a plea of guilty (*see* CPL 710.70 [2]; *People v Williams*, 59 AD3d 339, 341 [2009], *lv denied* 12 NY3d 861 [2009]). Inasmuch as the court improperly conflated the rights automatically forfeited by operation of law as the consequence of a guilty plea with those rights voluntarily relinquished as the consequence of a waiver of the right to appeal, defendant's waiver of the right to appeal also is invalid (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Moorer*, 63 AD3d 1590 [2009]; *People v Cain*, 29 AD3d 1157 [2006]).

Nevertheless, we conclude that the court properly denied defendant's motion to suppress the physical evidence seized by the police from defendant's vehicle. The record of the suppression hearing establishes that the police were authorized to search defendant's vehicle incident to defendant's lawful arrest because it was "reasonable to believe that evidence of the offense of arrest might be found in the vehicle" (*Arizona v Gant*, 556 US —, —, 129 S Ct 1710, 1714 [2009]). Defendant was arrested shortly after the robbery was reported, following a police chase. It was thus reasonable for the police to believe that evidence of the robbery might be found in defendant's vehicle. There is no merit to the further contention of defendant that he received ineffective assistance of counsel based on defense counsel's failure to object to the admission of the evidence at the suppression hearing. Defense counsel made a pretrial motion to suppress the evidence obtained from the search of defendant's vehicle and extensively cross-examined the People's witnesses at the suppression hearing. Thus the record, viewed as a whole, reflects that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We further reject the contention of defendant that he should have received the minimum indeterminate sentence of 1 1/2 to 3 years allegedly promised by the prosecutor as part of the plea agreement. There is no evidence in the record of any such sentencing promise and, indeed, the record reflects that the court advised defendant prior to the plea colloquy that it would not promise to impose the minimum sentence. Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.