■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BALKUM, Appellant. (Appeal No. 1.) [897 NYS2d 824]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered February 17, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree and criminal impersonation in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]) and burglary in the first degree (§ 140.30 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of robbery in the first degree (§ 160.15 [4]). We agree with defendant in each appeal that his waiver of the right to appeal was invalid inasmuch as the record fails to establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Williams*, 59 AD3d 339, 340 [2009], *lv denied* 12 NY3d 861 [2009]; *see People v Daniels*, 68 AD3d 1711 [2009]; *see generally People v Lopez*, 6 NY3d 248, 256-257 [2006]). We further agree with defendant that Supreme Court failed to conduct a specific inquiry to determine whether he understood that each plea was conditioned on his withdrawal of all motions pending and decided and whether he agreed to those conditions (*cf. People v Williams*, 55 AD3d 759 [2008]; *People v Toye*, 264 AD2d 401 [1999]; *People v Perez*, 247 AD2d 341 [1998], *lv denied* 91 NY2d 976 [1998]). We thus conclude that defendant is not precluded from contending in each appeal that the court erred in refusing to suppress certain evidence.

We nevertheless reject the contention of defendant in appeal No. 1 that the court erred in refusing to suppress evidence obtained as a result of an allegedly unlawful seizure of his person. Contrary to defendant's contention, "at the time the police forcibly detained defendant, they had [a] reasonable suspicion . . . that he was involved in the robbery and thus were entitled to detain him for purposes of a showup identification procedure" (*People v Martinez*, 39 AD3d 1159, 1160 [2007], *lv denied* 9 NY3d 867 [2007]). Within three to five minutes of the robbery, a police officer observed defendant approximately one block from the scene, and he generally matched the description provided by the victim and broadcast over the police radio. "Although defendant did not 'perfectly match' the victim's de-

scription of the suspect, 'there were enough similarities to provide the police with, at a minimum, the right to make a common-law inquiry' " (*People v Williams*, 30 AD3d 980, 981 [2006], *lv denied* 7 NY3d 852 [2006]). As defendant approached the officer, the officer observed that defendant was wearing the business logo that had been described in the radio dispatches, and thus the officer had the requisite reasonable suspicion to detain defendant for a showup identification procedure (*see Martinez*, 39 AD3d at 1160; *People v Evans*, 34 AD3d 1301, 1302 [2006], *lv denied* 8 NY3d 845 [2007]; *People v Casillas*, 289 AD2d 1063, 1063-1064 [2001], *lv denied* 97 NY2d 752 [2002]).

We reject the contention of defendant in appeal No. 2 that the court erred in refusing to suppress his statement to the police. Contrary to the contention of defendant, we conclude that he did not unequivocally invoke his right to counsel before his custodial interrogation began.

It is well settled that "once a defendant in custody invokes his [or her] right to counsel . . . a subsequent waiver of rights outside the presence of [defense] counsel cannot be given legal effect" (*People v Cunningham*, 49 NY2d 203, 210 [1980]; *see People v Ramos*, 99 NY2d 27, 33 n 3 [2002]; *People v West*, 81 NY2d 370, 373-375 [1993]). Here, however, defendant did not make an unequivocal request for an attorney to represent him on the charges for which he was in custody. At the time he was taken into custody, defendant had an attorney to represent him on the unrelated charges that are at issue in appeal No. 1. At the police station, defendant mentioned to an officer that he had an appointment with his attorney that morning, and he asked that officer if he could call the attorney. The officer told defendant that he would have to wait, and defendant never mentioned the attorney again during his subsequent interviews with police investigators.

"Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (*People v Glover*, 87 NY2d 838, 839 [1995]). In this case, when defendant mentioned his attorney, he was not being questioned and his request to call the attorney was made in the context of attending a scheduled appointment with that attorney concerning unrelated charges. Indeed, defendant's reason for calling the attorney could have been to cancel that appointment (*see People v Ramirez*, 59 AD3d 206 [2009], *lv denied* 12 NY3d 858 [2009]; *see also People v Mitchell*, 2 NY3d 272, 276 [2004]; *People*

*v Jackson*, 43 AD3d 1181 [2007], *lv denied* 9 NY3d 1006, 1007 [2007]).

Contrary to the further contention of defendant in appeal No. 2, the police did not improperly capitalize on his concern for his pregnant girlfriend. " '[I]t is not an improper tactic for police to capitalize on a defendant's sense of shame or reluctance to involve his family in a pending investigation absent circumstances [that] create a substantial risk that a defendant might falsely incriminate himself' " (*People v Mateo*, 2 NY3d 383, 415-416 [2004], *cert denied* 542 US 946 [2004]; *see People v Young*, 197 AD2d 874 [1993], *lv denied* 82 NY2d 854 [1993]). Here, there is no evidence in the record of the suppression hearing that the police promised "not to arrest defendant's girlfriend if defendant 'talked' " (*People v Keene*, 148 AD2d 977, 978 [1989]; *cf. People v Helstrom*, 50 AD2d 685 [1975], *affd* 40 NY2d 914 [1976]), and there were no other circumstances creating a substantial risk that defendant would falsely incriminate himself (*see* CPL 60.45 [2] [b] [i]). Present—Smith, J.P., Centra, Fahey and Pine, JJ.