■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL WARD, Appellant. [13 NYS3d 9]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered February 28, 2012, as amended, March 6, 2012, convicting defendant, after a jury trial, of attempted robbery in the first degree (two counts) and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's motion to suppress his postlineup statement to the police. Before the lineup, defendant waived his *Miranda* rights and made statements. As the police were setting up the lineup, defendant asked for a lawyer, but he expressly placed this request in the context of his complaint about a perceived unfairness in the lineup. After the police corrected the defect in the lineup to defendant's satisfaction, he made no further mention of a lawyer. The record supports the hearing court's meticulous findings after a full hearing, that defendant never made an unequivocal request for counsel in the distinct context of interrogation (*see People v Ramirez*, 59 AD3d 206 [1st Dept 2009], *lv denied* 12 NY3d 858 [2009]). There is no evidence to support defendant's claim that when he mentioned a lawyer at the lineup, he meant he had come to the realization that he needed a lawyer for interrogation purposes as well. Nor was there any need for the police to repeat previously administered *Miranda* warnings before resuming questioning. The subsequent interview came within a reasonable time after the warnings had last been given (*see People v Holmes* 82 AD3d 441 [1st Dept 2011], *lv denied* 16 NY3d 895 [2011]), and, for the reasons previously stated, the questioning cannot be viewed as having followed a request for counsel.

The court also properly declined to suppress any statements as fruits of an allegedly unlawful home arrest. The record supports the court's finding that defendant's mother's consent to the police entry into the apartment she shared with defendant was voluntary under the totality of circumstances, including her cooperative attitude and the absence of coercive police conduct (*see People v Gonzalez*, 39 NY2d 122, 128-130 [1976]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its acceptance of the accounts of defendant's cooperating accomplices.

The court properly discharged a sworn juror who lived in the neighborhood where the crime had occurred and where defendant and his accomplices lived, after the juror stated that his fear of the drug dealers in his neighborhood would prevent him

from rendering an impartial verdict. The juror's fear provided grounds for the court to dismiss him as "grossly unqualified to serve" pursuant to CPL 270.35 (1), even if the court did not cite the statutory phrasing, because it was clear that the juror could not remain impartial. Additionally, since the juror had not mentioned that he feared for his safety when questioned by the court and the parties before being sworn, he was properly discharged for cause, on a newly discovered ground, pursuant to CPL 270.15 (4). We have considered and rejected defendant's remaining arguments concerning the discharge of the juror.

The court properly exercised its discretion in giving an adverse inference charge, but denying preclusion of related evidence, as an appropriate sanction for the loss by the police of defendant's phone, recovered by the police from one of his accomplices (see People v Medina, 9 AD3d 251, 252 [1st Dept 2004], lv denied 3 NY3d 741 [2004]). The loss of the phone was unintentional, and the adverse inference charge was sufficient to alleviate the minimal prejudice to defendant. Concur—Tom, J.P., Mazzarelli, Sweeny and Gische, JJ.