# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**794**

**KA 13-00500**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LESTER A. BRAXTON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered June 7, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree and driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). We agree with defendant that County Court's statement to defendant that, "by pleading guilty, [he would] give up the right to allege the police unlawfully collected evidence or did anything else illegal" was misleading to the extent that it improperly implied that defendant's right to challenge the court's suppression ruling on appeal was automatically extinguished upon the entry of his guilty plea (*see generally People v Moyett*, 7 NY3d 892, 892-893; *People v Williams*, 49 AD3d 1281, 1282, *lv denied* 10 NY3d 940). Nevertheless, we conclude that " 'County Court's plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Arney*, 120 AD3d 949, 949; *see People v Ramos*, 7 NY3d 737, 738; *Williams*, 49 AD3d at 1282). Defendant's valid waiver of the right to appeal encompasses his challenge to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833), and his challenge to the severity of the bargained-for sentence (*see Lopez*, 6

NY3d at 255).

Entered:  June 19, 2015                    Frances E. Cafarell
                                         Clerk of the Court