People v Tietje (2019 NY Slip Op 02925)





People v Tietje


2019 NY Slip Op 02925


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

109307

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GREGORY P. TIETJE, Appellant.

Calendar Date: March 15, 2019

Before: Lynch, J.P., Clark, Aarons, Rumsey and Pritzker, JJ.


Dennis J. Lamb, Troy, for appellant, and appellant
pro se.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 24, 2017, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
In full satisfaction of a four-count indictment, defendant agreed to plead guilty to one count of driving while intoxicated and executed a waiver of the right to appeal. Thereafter, County Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of 2 to 6 years, with the sentence to run consecutively to any previously imposed sentences. Defendant appealed, and this Court rejected his counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (166 AD3d 1079, 1079-1080 [2018]). We now affirm.
Initially, defendant contends that his appeal waiver is invalid and does not preclude his challenge to the severity of the sentence. We agree with defendant that County Court's question regarding whether defendant understood that he was giving up all of his appellate rights when pleading guilty was misleading because it implied "that the right to appeal is automatically extinguished upon entry of a guilty plea" (People v Moyett, 7 NY3d 892, 893 [2006]; see People v Billingslea, 6 NY3d 248, 257 [2006]; People v Odom, 164 AD3d 1475, 1475 [2018], lv denied 32 NY3d 1176 [2019]). Nevertheless, the court's plea colloquy, together with the detailed written waiver of the right to appeal that explained, among other things, the appellate process and defendant's right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from the trial-related rights automatically forfeited upon a plea of guilty (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Weinstock, 129 AD3d 1663, 1663 [2015], lv denied 26 NY3d 1012 [2015]; People v Williams, 49 AD3d 1281, 1282 [2008], lv denied 10 NY3d 940 [2008]). In addition, County Court confirmed that defense counsel had discussed the waiver of appeal with defendant and that defendant had no further questions regarding the written appeal waiver prior to signing it in open court (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; [*2]People v Williams, 167 AD3d 1084, 1085 [2018], lvs denied ___ NY3d ___ [Feb. 7, 2019]; People v McClain, 165 AD3d 1345, 1345-1346 [2018]; People v Jackson, 129 AD3d 1342, 1342 [2015]). Accordingly, defendant's argument that his sentence is harsh and excessive is precluded by his valid waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Freeman, 169 AD3d 1115, 1116 [2019]; People v Watkins, 166 AD3d 1239, 1240 [2018]).
Finally, defendant's contentions raised in his supplemental brief regarding the adequacy of the medical care that he has received while confined concern matters that are outside of the record before us and are more properly addressed through "the grievance process, a CPLR article 78 proceeding or an action in the nature of mandamus" (Blake v State of New York, 145 AD3d 1336, 1337 [2016], lv denied 29 NY3d 908 [2017]).
Lynch, J.P., Clark, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.