People v McKee (2019 NY Slip Op 05885)





People v Mckee


2019 NY Slip Op 05885


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


456 KA 17-00648

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE MCKEE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 9, 2016. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, assault in the first degree, criminal possession of stolen property in the fourth degree, assault in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [1]), assault in the first degree (§ 120.10 [4]), assault in the second degree (§ 120.05 [12]), criminal possession of stolen property in the fourth degree (§ 165.45 [2]), and resisting arrest (§ 205.30). We reject defendant's contention that the court erred in refusing to suppress, as the product of an unlawful stop, physical evidence recovered from defendant's person and defendant's statements to the police, among other things. We conclude that, "[b]ased upon the totality of the circumstances, including the short period of time between the [police dispatch] reporting [the incident] and the arrival of the police officer at the reported location, defendant's presence at that location, and the officer's observations that defendant's physical characteristics and clothing matched the description of the suspect, the officer was justified in forcibly detaining defendant in order to quickly confirm or dispel [his] reasonable suspicion of defendant's [involvement in the reported incident]" (People v Pruitt, 158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018] [internal quotation marks omitted]; see People v Carson, 122 AD3d 1391, 1392 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]; People v Evans, 34 AD3d 1301, 1302 [4th Dept 2006], lv denied 8 NY3d 845 [2007]). Contrary to defendant's contention, the fact that the officer physically restrained defendant before placing him in handcuffs did not elevate the forcible detention into an arrest; rather, the officer's conduct was justified under the circumstances based on defendant's failure to obey the officer's requests that he stop walking away, the officer's reasonable suspicion that defendant had just been involved in a violent physical altercation, and the officer's concern that defendant was armed (see People v Arce, 150 AD3d 1403, 1404-1405 [3d Dept 2017], lv denied 29 NY3d 1090 [2017]; People v Boyd, 272 AD2d 898, 899 [4th Dept 2000], lv denied 95 NY2d 850 [2000]; see generally People v Balkum, 71 AD3d 1594, 1595 [4th Dept 2010], lv denied 14 NY3d 885 [2010]).
Assuming, arguendo, that the photo array used to identify defendant was unduly suggestive, we conclude that any error in receiving that identification in evidence was harmless (see generally People v Owens, 74 NY2d 677, 678 [1989]).
We likewise reject defendant's contention that he was deprived of a fair trial based on prosecutorial misconduct during summation. Many of the comments in question "were within the broad bounds of rhetorical comment permissible during summations . . . , and they were [*2]either a fair response to defense counsel's summation or fair comment on the evidence" (People v Ali, 89 AD3d 1412, 1414 [4th Dept 2011], lv denied 18 NY3d 881 [2012] [internal quotation marks omitted]). To the extent that certain comments may have exceeded those bounds, we conclude that the comments "were not so egregious as to deprive defendant of a fair trial" (id. [internal quotation marks omitted]). We further conclude that defense counsel's failure to object to certain of those statements did not constitute ineffective assistance of counsel (see People v Lyon, 77 AD3d 1338, 1339 [4th Dept 2010], lv denied 15 NY3d 954 [2010]).
In light of the circumstances of the offense, which involved a violent attack on an elderly citizen, and considering defendant's criminal history, we conclude that the sentence is not unduly harsh or severe (see People v Whitlatch, 294 AD2d 909, 910 [4th Dept 2002], lv denied 98 NY2d 703 [2002]). We have considered defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court